In the Matter of Franklin W. ALLEN.

(361 S. E. (2d) 122)

Supreme Court

Sept. 22, 1987.

## ORDER

The above named filed a petition on June 9, 1986, seeking reinstatement to the practice of law in the State of South Carolina with no limitations. Pursuant to the Rules on Disciplinary Procedure this petition was submitted to the Committee on Character and Fitness on April 17, 1987, for its investigation and recommendation.

It is the unanimous recommendation of the Committee on Character and Fitness that petitioner, Franklin W. Allen, be reinstated without limitation as a member of the South Carolina Bar, and

It is so ordered.

GREGORY, HARWELL and FINNEY, JJ., concur.

NESS, C. J., and LITTLEJOHN, Acting Associate Justice, dissent in separate opinion.

LITTLEJOHN, Acting Associate Justice (dissenting):

We respectfully dissent and would deny the application of Franklin W. Allen for reinstatement as a member of the South Carolina Bar.

The people speaking through the Constitution, Article V, Section 4, have imposed upon the Supreme Court the duty and authority to admit persons to the practice of law and to discipline members of the Bar. That section reads in pertinent part as follows:

> The Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of persons admitted.

This Court has held as far back as *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960) that "... upon this court alone rests the duty and the grave responsibility of adjudging, from the record, whether or not professional misconduct has been shown, and the taking of appropriate disciplinary action thereabout."

At the time Allen was suspended from the practice of law, this Court recited:

The complaint charges that the Respondent [Allen] forged the signature of his wife, Jean H. Allen, to five (5) legal documents which required her renunciation of dower. It alleges that the Respondent signed his wife's name to the renunciation of dower in the following five (5) real estate transactions:

1. Deed from Franklin W. Allen to James W. Petree, dated April 11, 1977; the consideration recited was Thirteen Thousand Five Hundred Dollars.

2. Deed from Franklin W. Allen, *et al* to Byars Builders, Inc., dated June 23, 1977; the consideration recited was Five Thousand Dollars.

3. Deed from Franklin W. Allen, *et al* to Byars Builders, Inc., dated June 7, 1978; the consideration recited was Fifty Thousand Dollars.

4. Mortgage from Franklin W. Allen to Spartanburg Bank and Trust, dated June 8, 1976. It secured a Fifteen Thousand Dollar note.

5. Mortgage from Franklin W. Allen to Southern Bank and Trust Company, dated January 28, 1981. It secured a note for Thirty-Five Thousand Dollars.

It was stipulated at the beginning of the hearing before the Panel that each of the dower renunciations was in fact signed by Franklin Allen. There is no contention that she was even present. The renunciation of dower was accomplished by using unsophisticated notaries public who obviously had little understanding of real estate law.

. . .

... The gravamen of the wrong lies in that the Respondent placed deeds and mortgages in the stream of commerce and received from the mortgages and the grantees considerations with which they would not have parted had they known that the dower renunciations were void.

At the time of the suspension, there was substantial thinking on the part of the Court that disbarment was the

appropriate sanction. The consensus of opinion on the part of the majority of the Court was than an indefinite suspension was the appropriate disposition of the case.

We would deny the Petition.

NESS, C. J., concurs.